# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, et al.,<br>    Plaintiff(s),<br>v.<br>TOMMY WHITE, et al.,<br>    Defendant(s). | Case No. 2:21-cv-02109-RFB-NJK<br>**Order**<br>[Docket Nos. 18, 19] |

Pending before the Court are Defendants' motions to seal and to strike. Docket Nos. 18, 19. Plaintiffs did not file a response. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to seal (Docket No. 18) is **GRANTED** and the motion to strike (Docket No. 19) is **DENIED**. The Clerk's Office is **INSTRUCTED** to seal Docket No. 16.

**I.     MOTION TO SEAL**

Parties are prohibited from filing personal identifying information on the public docket. *E.g.*, Fed. R. Civ. P. 5.2(a). Parties must instead redact such information from their filings. *E.g.*, Local Rule IC 6-1(c) ("The responsibility for redacting these personal identifiers rests solely with attorneys and the parties"). As Defendants correctly note, Plaintiffs filed a document (Docket No. 16) that includes several personal identifiers, including full social security number, birth date, and address. Accordingly, the motion to seal will be granted.

The Court also **CAUTIONS** Plaintiffs that they are required to comply with the redaction rules, and all other rules governing this case. **Failure to do so in the future may result in the imposition of sanctions.**

**II.    MOTION TO STRIKE**

District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010);

1

*Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that have complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts have expressed reluctance at striking filings without some showing of prejudice to the moving party. *See, e.g., Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017)). "Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, it is not a useful expenditure of resources to entertain motions to strike without any showing of prejudice." *Zeddies v. Clark Cnty. Sch. Dist.*, 2021 WL 2583545, at *2 (D. Nev. June 23, 2021).

The motion to strike makes no showing of prejudice arising from the subject document not being stricken from the docket.[1] Accordingly, the Court will deny the motion to strike.

**III.  CONCLUSION**

For the reasons discussed more fully above, the motion to seal (Docket No. 18) is **GRANTED** and the motion to strike (Docket No. 19) is **DENIED**. The Clerk's Office is **INSTRUCTED** to seal Docket No. 16.

IT IS SO ORDERED.

Dated: September 19, 2022

                                               Nancy J. Koppe
                                               United States Magistrate Judge

---

[1] As discussed above, the subject document contains personal identifying information, but the Court has addressed any prejudice stemming from the filing of such information by sealing the document.