1    KRISTINA L. HILLMAN, Nevada Bar No. 7752
     SEAN W. McDONALD, Nevada Bar No. 12817
2    WEINBERG, ROGER & ROSENFELD
     A Professional Corporation
3    3199 E. Warm Springs Road Suite 400
     Las Vegas, Nevada 89120
4    Telephone  (702) 508-9282
     Fax  (510) 337-1023
5    E-Mail:  khillman@unioncounsel.net
           smcdonald@unioncounsel.net
6           courtnotices@unioncounsel.net

7    Attorneys for Defendants Laborers' International Union
     of North America, Local 872, Thomas White, Marco
8    Hernandez, and Chelsy Torres

9                UNITED STATES DISTRICT COURT

10                DISTRICT OF NEVADA

11    PARNELL COLVIN, RICHARD VELLA,      No. 2:21-cv-02109-RFB-NJK

12               Plaintiffs,      **DEFENDANTS' RESPONSE TO**
                             **PLAINTIFFS' MOTION TO VACATE**
13       v.                               **MOTION TO SEAL**

14    TOMMY WHITE AKA THOMAS WHITE,    [ECF No. 30]
     INTERNATIONAL UNION OF NORTH
15    AMERICA LOCAL 872 LABORERS,

16               Defendants.

17

18         Defendants, Laborers' International Union of North America, Local 872[1] ("Union,"

19    "Laborers' Local 872," or "Local 872"), Thomas White, Marco Hernandez, and Chelsy Torres, by

20    and through their undersigned counsel of record, file this Response to Plaintiffs' motion,

21    captioned "Plaintiffs [sic] Motion To Vacate Defendants [sic] Motion To Seal", which was filed

22    on September 22, 2022 (ECF No. 30) (hereinafter "Motion to Vacate"). This response is based

23    upon the below memorandum of points and authorities, the accompanying declaration of counsel

24    and exhibit thereto, the papers and pleadings on file, and such further argument as the Court may

25    hear with respect to this matter.

26

27

28    _____
     [1] Plaintiff incorrectly named Laborers' International Union of North America, Local 872 as
     "International Union of North America Local 872 Laborers".

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The Court should deny the Motion to Vacate. For the second time,[2] Defendants have offered argument—but no evidence—that they have not received copies of certain moving papers—this time as to the underlying Motion to Seal or Redact ECF No. 16, to which the instant Motion to Vacate relates. The Court should construe the Motion to Vacate as a motion for reconsideration and, so construed, deny it because the Plaintiffs have offered no evidence sufficient to overcome the record evidence that Plaintiffs were properly served by mail under Rule 5 with the Motion to Seal and the legal presumption that they received properly mailed papers. Even if they had offered clear and convincing evidence to properly prove non-receipt of the moving papers, Plaintiffs offer no explanation as to how Court erred in ordering sealed their filing at ECF No. 16, considering they admit it contained confidential information that this Court's rules require to be redacted before filing on the public docket. As such, the Motion to Vacate lacks merit and should be denied.

## II.      STATEMENT OF FACTS

In the Motion to Vacate (ECF No. 30), Plaintiffs claim—without evidence—that they did not receive a copy of the already-acted-upon Motion to Seal or Redact ECF No. 16 (filed at ECF No. 18) (hereinafter "Motion to Seal"). *See* ECF No. 30, at 1:18–20 ("Niether [sic] plaintiff Colvin or Vela, received any motion for defendants filing and serving the plaintiffs a copy of the motion so plaintiffs would have the opportunity to respond."). The underlying Motion to Seal was filed on August 16, 2022. *See generally* ECF No. 18. The certificate of service appended to the Motion to Seal reflects it was served by mail on both Plaintiffs. *See id.* at 5. No response having been timely filed, on September 9, 2022, Defendants filed a Notice of Non-Opposition, informing the Court that the Plaintiffs failed to timely respond or request additional time to respond to the to the Motion to Seal. *See* ECF No. 26. That Notice was likewise served by mail on both Plaintiffs.

---

[2] The first time was with respect to Defendants' Motion to Dismiss Amended Complaint. *See* ECF No. 23, at 1 (Plaintiffs' motion seeking additional time to respond to motion to dismiss, claiming they did not receive a copy); *see also* ECF No. 25 (Defendants' opposition to Plaintiffs' motion to extend time).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

1     *See* ECF No. 26, at 4. The Court granted to the Motion to Seal on September 19, 2022. *See* ECF

2     No. 28 (order granting motion to seal and denying companion motion to strike).

3          Plaintiffs also assert—without evidence— that "Defendants has [sic] a history of filing

4     motion [sic] and not serving them to plaintiffs then they file a motion with the courts to get them

5     granted and the courts are under the impression that the plaintiffs fail to respond which is not the

6     case[.]" *Id.* at 1:20–22. Other than their bare assertions, Plaintiffs do not offer any evidence, such

7     as a sworn affidavit or a declaration made under penalty of perjury, that adequately rebuts the

8     certificate of service attached to the Motion to Seal. *See* ECF No. 18, at 5 (certificate of service

9     proving service of the motion on Plaintiffs by mail). They also offer no evidence or explanation as

10     to why they did not respond to the similarly mailed Notice of Non-Opposition (ECF No. 26),

11     notifying the Court that Plaintiffs failed to timely respond to the Motion to Seal, given that 10

12     days elapsed between when the Notice of Non-Opposition was filed and served and when the

13     Court granted the Motion to Seal.

14          Plaintiffs cannot make out a convincing case of non-receipt. Recognizing over

15     undersigned counsel's near-10-year legal career that sometimes *pro se* parties employ a tactic to

16     falsely claim non-receipt of moving papers as an excuse for not timely responding to motions that

17     are filed with the court, undersigned counsel (unbeknownst to Plaintiffs, until now) has

18     prophylactically mailed, at the same time service by mail is made on Plaintiffs, copies of the same

19     documents to undersigned counsel himself. *See* McDonald Decl. ¶¶ 6–9 & Ex. 1 thereto, attached

20     hereto.[3] Although Plaintiffs claim non-receipt, undersigned counsel states unequivocally and

21     offers additional evidence that the mailed documents sent to himself were sent and received

22     through the mails at the same time the service copies were sent to Plaintiffs, further undermining

23     Plaintiffs' claims of non-receipt. *Id.*

24          Regardless of whether Plaintiffs actually received the Motion to Seal, they admit that they

25     erred in filing "personal identifying information." ECF No. 30, at 2:8–10 ("Plaintiffs will make

26     sure to follow court rules and apologize to the court for the filing of personal identifying

27

28

---

[3] Citations in this response to the McDonald Declaration refer to the declaration accompanying this response, filed at ECF No. 35-2, and not to any other McDonald Declaration.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

1  information."). Despite claiming they had no opportunity to respond to the Motion to Seal, at this

2  point Plaintiffs offer no explanation as to how the order sealing ECF No. 16 is clearly erroneous

3  under the facts, the law, or both. Plaintiffs admit they filed materials publicly that they should not

4  have and apologize to the Court for having violated the Court's rules.

5  Plaintiffs raise other irrelevant issues or contentions, such as claiming that another

6  attorney, David Rosenfeld (who has not entered an appearance in this case), is responsible for

7  other, unspecified "ill tactics and gamesmanships [sic] for over 10 years," ECF No. 30, at 24–28,

8  and for allegedly not serving plaintiff in another action, *id.* at 2:1–2, though Plaintiffs offer no

9  evidence or explanation besides naked assertions. Regardless, these stray references are irrelevant

10  to the matter at hand.

11  In asking the Court for a do-over, Plaintiffs offer no cogent argument or salient authority

12  showing that the Court erred in granting the Motion to Seal, even without the benefit of any

13  opposition Plaintiffs might have filed had they timely responded to the Motion to Seal.

14  ### III.    ARGUMENT

15  Because the underlying Motion to Seal has already been decided on the merits, the Court

16  should construe the Motion to Vacate as a motion for reconsideration, a disfavored motion. Local

17  Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D.

18  Nev. 2007) ("Reconsideration is an extraordinary remedy, to be used sparingly" (citation and

19  internal quotations omitted)). The Local Rules provide the applicable standards in addressing

20  whether the Court should reconsider an interlocutory order, indicating that reconsideration may

21  be appropriate if (1) there is newly discovered evidence that was not available when the original

22  motion or response was filed, (2) the Court committed clear error or the initial decision was

23  manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

24  Thus, "a motion for reconsideration should not be granted, absent highly unusual circumstances,

25  unless the district court is presented with newly discovered evidence, committed clear error, or if

26  there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos*

27  *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Mere disagreement with a previous

28  order is an insufficient basis for reconsideration." *Barnes v. Sea Hawaii Rafting, LLC*, 16 F. Supp.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

4
DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

3d 1171, 1183 (D. Haw. 2014) (citation omitted). A movant seeking reconsideration must state with particularity the points of law or fact that the Court has overlooked or misunderstood. LR 59-1(a). These rules apply to *pro se* parties because *pro se* parties are expected to follow the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (*pro se* parties are still "bound by the rules of procedure") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Construed as a motion for reconsideration, the Court should deny the Motion to Vacate for two principal reasons. First, asserted non-receipt of papers, unsupported by evidence rebutting the "mailbox rule" presumption of receipt after proper mailing, is an insufficient ground to permit Plaintiffs a do-over on their lack of timely response to the Motion to Seal; the case authorities show non-receipt of moving papers is irrelevant to whether moving papers were properly served. And second, even if Plaintiffs could adequately prove lack of receipt, there are no reasonable facts or arguments that they could offer now which would overcome their admission that they filed unredacted personal identifying information that court rules require to be redacted or filed under seal, not on the public docket. For these reasons, explained more fully below, the Motion to Vacate, construed as a motion for reconsideration, should be denied.

## A.   NON-RECEIPT OF PAPERS MAILED UNDER RULE 5 IS IRRELEVANT

Plaintiffs offer argument—but not a shred of evidence, such as an affidavit or a declaration made under penalty of perjury—that they did not receive copies of the underlying Motion to Seal. *See* ECF No. 30, at 1. Plaintiffs have tried this tactic before, claiming that they did not receive the moving papers, which they implicitly argue excuses their failure to timely respond. *See* ECF No. 23, at 1. However, just as Defendants have shown before, the certificates of service attached to the relevant motion supplies a presumption of proper service unless the Plaintiffs adequately controvert the fact of service, which they have not done. Arguments in pleadings or moving papers is not evidence; Plaintiffs must support their arguments with evidence, such as with a sworn affidavit or a declaration made under penalty of perjury.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

5
DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

1    Federal Rule of Civil Procedure 5(b)(2)(C) provides that service of papers may be done by

2  "mailing [the papers] to the last known address—in which event service is complete upon

3  mailing." Fed. R. Civ. P. 5(b)(2)(C). Non-receipt or non-acceptance usually does not affect the

4  validity of service. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632–33 (11th

5  Cir. 1988). Widely accepted case law confirms that non-receipt is irrelevant. *Carter v. McGowan*,

6  524 F. Supp. 1119, 1121 (D. Nev. 1981); *Clayton Brokerage Co. of St. Louis, Inc. v. Bunzel*, 820

7  F.2d 1459, 1462 (9th Cir. 1987); *Kim v. Commandant, Defense Language Institute, Foreign*

8  *Language Center*, 772 F.2d 521, 524 (9th Cir. 1985) (service by mail complete upon mailing;

9  irrelevant when service received); *see also Radkov v. Ashcroft*, 375 F.3d 96 (1st Cir. 2004)

10  (service by mail complete upon mailing even if mailing never received); *U.S. v. Ceballos*, 302

11  F.3d 679 (7th Cir. 2002) (service by mail is complete on mailing); *U.S. v. Clingman*, 288 F.3d

12  1183 (10th Cir. 2002) (service by mail is completed when documents are deposited in United

13  States Post Office or in Post Office Box*)*; *Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*,

14  308 F. Supp. 489, 494–95 (S.D.N.Y. 1969) (whether the person served actually received the

15  papers is "totally irrelevant" when their mailing was established); *Wasserman v. Long*, Nos. 3:07-

16  cv-1091-WKW, 3:07-cv-1092-WKW, 2008 WL 696896, at *3 (M.D. Ala. Mar. 13, 2008) (where

17  a pleading's certificate of service, signed by counsel, indicates it was mailed on a date certain,

18  and "[t]here is no evidence that the[] pleading[ was] not mailed, but only that plaintiffs did not

19  receive [it,] . . . service of a pleading by mail is complete upon mailing. Thus, even if plaintiffs

20  did not receive the documents, service upon them was complete on [the date indicated in the

21  certificate of service]." (citing Fed. R. Civ. P. 5(b)(2)(C))). Whether the Plaintiffs received the

22  moving papers or not is irrelevant if mailing is proved, and it is in this case. Service by mail of

23  papers required to be served is complete upon mailing.

24    Regarding service by mail, "the common law has long recognized a rebuttable

25  presumption than an item properly mailed was received by the addressee." *In re Farris*, 365 F.

26  App'x 198, 199 (11th Cir. 2010). When a legal document is accompanied by a certificate of

27  service, proof of service, certificate of mailing, or similar statement attesting under penalty of

28  perjury that the document has been deposited into the United States mail, that attestation creates

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

1    an evidentiary presumption that the document was delivered to the addressee. Known as the

2    "mailbox rule," a proof of timely and proper mailing creates a rebuttable presumption that the

3    mailed document was received by the addressee. *See Mahon v. Credit Bureau of Placer Cty. Inc.*,

4    171 F.3d 1197, 1202 (9th Cir. 1999); *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 206–07

5    (9th Cir. 1991). This presumption "may be rebutted . . . by producing evidence which would

6    'support a finding of the non-existence of the presumed fact.'" *Farris*, 365 F. App'x at 199

7    (quoting *In re Prescott*, 285 B.R. 763, 767 (Bankr. S.D. Ga. 2001)). However, "the mere denial of

8    receipt, without more, is insufficient to rebut the presumption." *Id.* The presumption is not

9    rebutted simply by submitting an affidavit denying receipt of the document; rather, the

10   presumption must be overcome by clear and convincing evidence. *See In re Bucknum*, 951 F.2d at

11   206–07. Mere argument or assertion that a document was not received is not evidence. *Farris*,

12   365 F. App'x at 199–20 (court properly rejected a challenge to service when the recipient offered

13   "only [his] denial that he received notice"). There is a presumption of receipt of mailed papers,

14   which can only be overcome through the presentation of clear and convincing evidence to the

15   contrary. *See, e.g.*, *Fernandez v. Harrington*, No. LA CV 10-05681-VBF-PJW, 2015 WL

16   11216743, at *2–3 (C.D. Cal. Feb. 24, 2015) (providing extensive citations for this "venerable

17   principle of common law" dating back to the nineteenth century). It is well-settled that a bare

18   denial of receipt fails. *See, e.g.*, *id.* at *3 (collecting cases).

19            Just as before, Plaintiffs here offer no affidavit or declaration as evidence that adequately

20   rebuts the presumption of proper mailing. But unlike before, Defendants have now offered

21   additional evidence buttressing the facts of good service that are recited on the certificates of

22   service to the Motion to Seal and the Notice of Non-Opposition to the Motion to Seal. *See*

23   McDonald Decl. ¶¶ 3–10. Plaintiffs cannot possibly overcome this evidence, even if they tried.

24   Defendants doubt the veracity of Plaintiffs' claim that they did not receive a copy of the Motion

25   to Seal. Although Plaintiffs claim non-receipt, undersigned counsel states unequivocally and

26   offers additional evidence of the mailed documents that were sent and received through the mails

27   to himself, further undermining Plaintiffs' claims of non-receipt. *Id.* at ¶¶ 6–9. It would be

28   remarkable if both Plaintiffs have had such a run of bad luck with not receiving mail, if their

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

7

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

assertions were indeed true. Regardless, Plaintiffs do not meet their burden in controverting the facts stated on the certificate of service that Rule 5 service of the Motion to Seal was accomplished by mail.

But even if the Motion to Vacate were properly supported by evidence demonstrating non-receipt of the moving papers and that evidence were relevant under the authorities cited above, it is ultimately not relevant that the Plaintiffs claim to have not received the Motion to Seal for an additional reason: As explained below, even if Plaintiffs had timely responded to the Motion to Seal or if they were now given a do-over on their lack of timely response, there is no evidence or argument they could reasonably offer now that would lead to a result different from the Court ordering sealed the document Plaintiffs improperly filed with unredacted personal information.

Because the case law recited above establishes non-receipt of moving papers does not affect the validity of service, given the lack of evidence rebutting the mailbox rule presumption, and given the additional evidence Defendants' counsel has supplied buttressing the facts of good service, the Motion to Vacate should be denied.

**B.     PLAINTIFFS ADMIT THEY HAVE NO SUBSTANTIAL RESPONSE SHOWING THE COURT ERRED IN GRANTING THE MOTION TO SEAL.**

Even if the Court were to find merit to Plaintiffs' naked claims, unsupported by any evidence, that they did not receive the Motion to Seal, they nevertheless fail to offer any cogent argument or salient authority as to why the Court erred in the first place in granting the original Motion to Seal and ordering sealed the filing at ECF No. 16. The Plaintiffs admit that they erred in filing "personal identifying information." ECF No. 30, at 2 ("Plaintiffs will make sure to follow court rules and apologize to the court for the filing of personal identifying information."). This admission alone should end the inquiry; it supports the ultimate result the Court reached in ordering ECF No. 16 sealed. Plaintiffs offer no explanation as to how the order sealing ECF No. 16 is clearly erroneous under either the facts or the law. Plaintiffs admit they filed materials publicly that they should not have and apologize to the Court for having violated the Court's rules. No further response is needed—nor could any response change the propriety of the result.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

8

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

In granting the Motion to Seal, the Court noted that ECF No. 16 contained "several personal identifiers, including full social security number, birth date, and address." ECF No. 28, at 1. This factual finding is not clearly erroneous. Moreover, the Court correctly recited the governing court rule, which provides that parties must not file on the public docket certain personal identifying information. *See id.* (citing Fed. R. Civ. P. 5.2(a); LR IC 6-1(c)). Given Plaintiffs' admission they filed materials on the public docket that the rules prohibit, the Court committed no factual or legal error in ordering the filing sealed, with or without any response from the Plaintiffs. Ultimately, even if the Court were inclined to give the Plaintiffs a do-over in responding to the Motion to Seal, which would be a manifest waste of the parties' and judicial resources at this juncture, there is no substantive response that the Plaintiffs could offer that would change the appropriate remedy, which is to seal the improperly filed document.

Because the Court did not err in granting the Motion to Seal and ordering the filing at ECF No. 16 sealed, there is likewise no error in declining to hear any late, after-the-fact response from the Plaintiffs, as any supposed non-receipt of the underlying motion is irrelevant. This Court reached a similar result in case-dispositive circumstances, in *Holmes v. RV Retailer Texas, LLC*, No. 2:21-cv-00547-GMN-NJK, 2022 WL 1431915, at *2 (D. Nev. May 4, 2022), in denying a *pro se* plaintiff's motion to reconsider an order denying a motion to reopen a case, which motion was made after the Court granted as unopposed a dispositive motion to dismiss. The Court found a plaintiff's arguments of non-receipt were insufficient to support a motion for reconsideration of an order denying a motion to reopen case. *Id.* The Court found that the plaintiff "fail[ed] to provide both a valid reason and evidence supporting reconsideration," offering only argument that "he did not receive any notices of the proceedings of the matter as [he] was extremely ill and hospitalized during the deadline to file a response." *Id.* The Court noted that the record demonstrated adequate notice to plaintiff of the motion through service by mail to the plaintiff's provided postal address. *Id.* Finding no error, the court denied the motion for reconsideration. *Id.*

Here, Plaintiffs have similarly failed to offer evidence. Moreover, no response the Plaintiffs could now offer would provide a legal or factual basis for reversing the order granting the motion to seal, effectively unsealing the filing that Plaintiffs failed to properly redact in the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

first place. Accordingly, the Motion to Vacate, construed as a motion for reconsideration, lacks merit and should be denied.

## IV.   CONCLUSION

The asserted non-receipt of the Motion to Seal is not relevant to whether service was complete. Plaintiffs have failed to offer clear and convincing evidence to rebut the presumption that properly mailed items were delivered as addressed. And regardless, the Plaintiffs offer no cogent argument or salient authority explaining how the Court erred in granting the Motion to Seal given that they admit their filing contained personal identifying information that court rules require to be redacted when filed on the public docket. For these reasons, more fully explained above, the Court should deny Plaintiffs' Motion to Vacate Motion to Seal (ECF No. 30).

Dated: October 5, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:   */s/ Sean W. McDonald*
KRISTINA L. HILLMAN
SEAN W. McDONALD

Attorneys for Defendants Laborers' International Union of North America, Local 872, Thomas White, Marco Hernandez, and Chelsy Torres

152890\1307874

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

10
DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

[none]

And I hereby certify that I have mailed by the United States Postal Service, postage prepaid, the document to the following non-CM/ECF participants:

Parnell Colvin
6681 Tara Ave
Las Vegas, NV  89120

Richard Vela
867 N Lamb Blvd Space 82
Las Vegas, NV  89110

And I hereby certify that I have emailed the document to the following non-CM/ECF participants per consent to serve by electronic means noted below:

Parnell Colvin – pc681@yahoo.com
(*Per Consent for Electronic Service of Documents, ECF No. 31*)

Dated: October 5, 2022                           */s/ Megan Shea*
                                                               An Employee of Weinberg, Roger & Rosenfeld

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE MOTION TO SEAL
Case No. 2:21-cv-02109-RFB-NJK