1  KRISTINA L. HILLMAN, Nevada Bar No. 7752
   SEAN W. McDONALD, Nevada Bar No. 12817
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  3199 E. Warm Springs Road Suite 400
   Las Vegas, Nevada 89120
4  Telephone  (702) 508-9282
   Fax  (510) 337-1023
5  E-Mail:  khillman@unioncounsel.net
            smcdonald@unioncounsel.net
6            courtnotices@unioncounsel.net

7  Attorneys for Defendants Laborers' International Union of
   North America, Local 872, Thomas White, Marco
8  Hernandez, and Chelsy Torres

9                  UNITED STATES DISTRICT COURT

10                     DISTRICT OF NEVADA

11 PARNELL COLVIN, RICHARD VELLA,          No. 2:21-cv-02109-RFB-NJK

12                        Plaintiffs,       **REPLY TO RESPONSE TO MOTION
                                            TO DISMISS AMENDED COMPLAINT**
13     v.
                                            [ECF No. 34]
14 TOMMY WHITE AKA THOMAS WHITE,
   INTERNATIONAL UNION OF NORTH
15 AMERICA LOCAL 872 LABORERS,

16                        Defendants.

17

18       Defendants, Laborers' International Union of North America, Local 872[1] ("Union,"

19 "Laborers' Local 872," or "Local 872"), Thomas White, Marco Hernandez, and Chelsy Torres, by

20 and through their undersigned counsel of record, submit this Reply to Plaintiffs' Response

21 (captioned "Reply to Defendants [sic] Motion to Dismiss" [ECF No. 34]) to Defendants' Motion

22 to Dismiss Amended Complaint (ECF No. 20). This reply is based on the papers and pleadings on

23 file, the below memorandum of points and authorities, the accompanying Declaration of Counsel

24 and exhibit thereto, and any further argument that the Court may hear.

25

26

27

28
   _____
   [1] Plaintiff incorrectly named Laborers' International Union of North America, Local 872 as
   "International Union of North America Local 872 Laborers".

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

In their untimely opposition to the Motion to Dismiss Amended Complaint, Plaintiffs—for a second time—have failed to grapple with the numerous weighty procedural and substantive defenses against the Amended Complaint. Rather than attempt to demonstrate that they have established subject-matter jurisdiction over the case, personal jurisdiction over each of the four named Defendants through proper service of process, and that they have pleaded viable causes of action in the Amended Complaint, Plaintiffs instead have conclusorily asserted that their case is proper and it should proceed past the pleading stage. Even accounting for their *pro se* status and liberally construing the Amended Complaint, as the Court must do, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiffs woefully fail to meet their burdens on all of these points. For these reasons, explained more fully below, the Court should dismiss this action without leave to amend.

### II.       PROCEDURAL HISTORY

A more complete procedural history is set out in the Motion to Dismiss Amended Complaint. *See* ECF No. 20, at 4–5. Directly relevant to the instant motion, after Plaintiffs' attempt to serve process on July 5, 2022, Defendants filed a Motion to Dismiss (ECF No. 10) attacking the original Complaint for untimely service of process, insufficient service of process, lack of service of process, failure to adequately plead subject-matter jurisdiction, and failure to state a claim. While that motion was pending, Defendants filed an unnecessary Motion to Amend Complaint (ECF No. 14), which introduced some procedural confusion as to whether the proposed Amended Complaint they attached to their Motion to Amend is in fact the operative pleading or whether it is not yet considered to be the operative pleading because it was not filed as such. *See* Defs.' Reply to Resp. to Mot. to Dismiss, ECF No. 17, at 2–4. Understanding that it is likely the Court will ultimately deem the proposed amended pleading to be the operative complaint,[2] and to ensure time did not inadvertently expire under Fed. R. Civ. P. 15(a)(3) to

---

[2] This confusion could've been avoided if Plaintiffs Colvin and Vela had, in a timely fashion, simply filed their amended complaint as of right under Fed. R. Civ. P. 15(a)(1)(B).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1  respond to the amended pleading, Defendants filed the underlying Motion to Dismiss Amended

2  Complaint (ECF No. 20).

3       Since then, other than the Motion to Dismiss Amended Complaint (ECF No. 20) and the

4  Motion to Dismiss the original Complaint (ECF No. 10), there are now pending before the Court

5  a Motion to Stay Discovery (ECF No. 21); a fully briefed motion for an extension of time to

6  respond to the Motion to Dismiss Amended Complaint (ECF No. 23 [Plaintiffs' motion]; ECF No.

7  25 [Defendants' opposition]), as to which the Court has yet to rule; and Plaintiffs' Motion to

8  Vacate an Order Sealing ECF No. 16 (ECF No. 30), which the Defendants opposed (ECF No. 35).

9       **Procedural Confusion Caused by The Unnnecessary Motion to Amend**

10       Plaintiffs are correct that an amended pleading normally moots any pending motions to

11  dismiss. An "amended complaint supersedes the original, the latter being treated thereafter as

12  non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (citation omitted);

13  *see also Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). However, rather

14  than file an amended complaint as of right under Rule 15(a)(1)(B), Plaintiffs inexplicably chose

15  to unnecessarily seek the Court's leave to file an amended complaint. *See* ECF No. 14. Rule

16  15(a)(1)(B) provides that a party may amend its pleading once as a matter of right "if the pleading

17  is one to which a responsive pleading is required" within the earlier of "21 days after service of a

18  responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R.

19  Civ. P. 15 (a)(1). The underlying complaint was filed on November 29, 2021, and it is a pleading

20  to which a response is required. ECF No. 1; *see also* Fed. R. Civ. P. 12(a). The Motion to Dismiss

21  was filed on July 26, 2022, thus making an amended complaint without the Court's leave timely

22  under Fed. R. Civ. P. 15(a)(1)(B) if filed on or before August 16, 2022.

23       This procedural confusion matters because resolution of whether the Amended Complaint

24  is the operative pleading dictates whether the Motion to Dismiss the original Complaint is now

25  moot, and thus the Court should turn its attention to the motion to dismiss the amended

26  complaint. But because the proposed amended pleading attached to Plaintiffs' Motion to Amend

27  has not been formally docketed as an amended complaint, *see generally* Docket, it is potentially

28  unclear whether the proposed amended complaint attached to the Motion to Amend at ECF No.

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

3
REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1   14-1 is in fact the operative pleading. *See* Order, *Dessaints v. Jayco, Inc.*, No. 2:21-cv-00931-

2   JCM-NJK, ECF No. 13 (D. Nev. July 6, 2021)[3] (noting plaintiffs' timely filing of an unnecessary

3   motion to amend, denying it as unnecessary, and ordering plaintiffs "to file and serve their

4   amended complaint" within the applicable 21-day deadline). If the Court orders the proposed

5   amended complaint at ECF No. 14-1 to be construed as or deemed to be a timely and properly

6   filed amended pleading, then Defendants must necessarily concede the Motion to Dismiss filed at

7   ECF No. 10 is rendered moot by the Amended Complaint under the authorities cited above. There

8   is some authority in this District suggesting that the Court will so construe amended pleadings

9   when they are filed by *pro se* parties along with an unnecessary motion to amend:

10          Some courts have held that the filing of an unnecessary motion for
            leave to amend waives the matter-of-course amendment right. *See,*
11          *e.g.*, *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 & n.2
            (11th Cir. 2010). Even the courts that have recognized such a
12          waiver have been reluctant to apply it to a pro se litigant. *See, e.g.*,
            *id.* at 870 n.2 (distinguishing prior case on that ground). The Ninth
13          Circuit has repeatedly highlighted the duty of courts to liberally
            construe the filings of pro se litigants, especially prisoners bringing
14          civil rights claims. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241
            (9th Cir. 2016). Based on the circumstances of this case, the Court
15          declines to find that Plaintiff waived her ability to file an amended
            complaint as a matter of course by unnecessarily filing a motion
16          seeking leave to amend.

17   Order, *Saintal v. Pesce*, No. 2:15-cv-02460-GMN-NJK, ECF No. 32, at 3 & n.3 (D. Nev. Apr. 17,

18   2017).[4] Accordingly, the Court should first decide which pleading is the operative complaint.

19

20

21

22   _____

23   [3] A Westlaw citation is not available for this order. Accordingly, a true and correct copy of the
     Order was attached as Exhibit 1 to the Declaration of Counsel on file at ECF No. 17-2. *See* LR IA
24   10-3(b) ("Cases . . . must not be attached as exhibits . . . unless they are not accessible on
     Westlaw or LexisNexis."). "[T]he court can take judicial notice of 'public records and
25   government documents available from reliable sources on the Internet, such as websites run by
     governmental agencies.'" *Romero v. Securus Tech., Inc.*, 216 F. Supp. 3d 1078, 1084 n.1 (S.D.
26   Cal. 2016) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D.
     Cal. 2015)).

27   [4] A Westlaw citation is not available for this order. Accordingly, a true and correct copy of the
     Order is attached Exhibit 2 to the Declaration of Counsel on file at ECF No. 17-2. *See* LR IA 10-
28   3(b) ("Cases . . . must not be attached as exhibits . . . unless they are not accessible on Westlaw or
     LexisNexis."). *See also supra* n.3 (taking judicial notice of government records is proper).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

4
REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

### III.   <u>ARGUMENT</u>

As a preliminary matter, the Plaintiffs' response to the Motion to Dismiss Amended Complaint is untimely filed.[5] As such, the Court may construe the lack of a timely response as consent to granting the motion or as an admission the motion has merit. *See* LR 7-2(d).

But assuming the Court reaches the merits, as was true with their response to the Motion to Dismiss the original Complaint (ECF No. 15), Plaintiffs Colvin and Vela do not seriously contend with or rebut any of the substantial pleading deficiencies and other procedural defenses asserted in the Motion to Dismiss Amended Complaint. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Leeway permitted *pro se* parties is limited to the allegations in the pleadings themselves; it does not exempt *pro se* parties from following the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (*pro se* parties are still "bound by the rules of procedure") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "*[P]ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Rather than confront the defenses presented, the Plaintiffs misunderstand, mischaracterize, or invent their own versions of the defenses presented and choose to respond to their contrived reality rather than engage with the weighty defenses actually asserted against the Amended Complaint. This fails to meet Plaintiffs' burden to respond to the Motion. Therefore, the Motion should be granted. Each point Defendants can discern in opposition to the Motion—many of which are not relevant to disposing of the motion—is addressed below.

### A.   THE RESPONSE TO THE MOTION TO AMEND COMPLAINT IS UNTIMELY.

The Plaintiffs' response to the Motion to Dismiss Amended Complaint is untimely filed.[6] The Motion was filed on August 23, 2022, and was served on the Plaintiffs' by mail. *See* ECF

---

[5] Unless the Court grants *nunc pro tunc* the Plaintiffs' motion to extend time (ECF No. 23), which was opposed (ECF No. 25), and permits even more time beyond the September 30, 2022 deadline the Plaintiffs sought, the response in opposition is untimely and may properly be disregarded.

[6] *See supra* n.5.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1    No. 23, at 25. The Court entered a *Klingele* Minute Order the following day, directing a response

2    to the Motion was due within 14 days of the date of the Minute Order. ECF No. 24. As such, by

3    undersigned counsel's calculation, a response to the Motion was due to be filed on or before

4    September 12, 2022. *See* LR 7-2(b) (for all motions other than summary judgment motions, "[t]he

5    deadline to file and serve any points and authorities in response to the motion is 14 days after

6    service of the motion"); Fed. R. Civ. P. 6(d) (adding 3 days for mail service); Fed. R. Civ. P.

7    6(a)(1)(C) (extending the period to the next day that is not a weekend day or a holiday).

8            Rather than respond by the deadline, Plaintiffs filed a Motion to Extend Time (ECF No.

9    23), a motion which remains pending. In that motion, Plaintiffs requested until September 30,

10   2022, within which to file their response to the Motion to Dismiss Amended Complaint. *See* ECF

11   No. 23, at 2. Defendants opposed the motion. *See* ECF No. 25. Even if the Court grants the

12   motion *nunc pro tunc*, the response Plaintiffs filed is still untimely. The response was filed on

13   October 4, 2022, s*ee* ECF No. 34; Defendants had requested until September 30, 2022, within

14   which to file the opposition, *see* ECF No. 23, at 2.[7] Because the response is untimely, the Court

15   may properly treat the lack of a timely response as a concession the underlying motion has merit

16   or as consent to granting the motion. *See* LR 7-2(d) ("[F]ailure of an opposing party to file points

17   and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion

18   for attorney's fees, constitutes a consent to the granting of the motion."). Case law confirms the

19   Court may construe the failure to timely respond to a motion as the non-filing party's consent to

20   granting the motion. *See U.S. v. Warren*, 601 F.2d 471, 473–74 (9th Cir. 1979) (applying local

21   rule deeming non-response as consent by non-moving party to granting a motion); *Righthaven*

22   *LLC v. Newman*, No. 2:10-cv-01762, 2011 U.S. Dist. LEXIS 80518 (D. Nev. July 22, 2011)

23

24   ─────────────────────
     [7] On Saturday, October 1, 2022, Plaintiff Colvin wrote an email to Judge Boulware's courtroom
25   administrator, copying counsel, claiming that the courthouse was inaccessible on Friday,
     September 30, 2022, due to some sort of emergency, which prevented persons from entering the
26   courthouse, and which prevented Mr. Colvin from timely filing Plaintiffs' response. A true and
     correct copy of the email is attached as **Exhibit 1** to the accompanying Declaration of
27   undersigned counsel. Mr. Colvin wrote that he spoke with the courtroom administrator, that he ws
     told court staff was aware of the issue, and that he was told that he "can come Monday[, October
28   3, 2022,] to file my response which I plan to do." Instead, the response was filed on October 4,
     2022. Plaintiffs offered no contemporaneous explanation or further motion seeking to file the
     response out of time. *See* ECF No. 34.

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

(granting motion to dismiss due to non-moving party's failure, by a matter of mere hours, to timely respond), *aff'd on reconsideration*, 2011 U.S. Dist. LEXIS 109327 (Sept. 23, 2011) ("failure to oppose [the] Motion means [the non-moving party] may be deemed to consent to the granting . . . of the motion."). Defendants therefore request that the Court construe Plaintiffs' failure to timely oppose the Motion as an admission that the Motion is meritorious, and as consent to grant the Defendants' Motion to Dismiss Amended Complaint. In the event the Court considers the late-filed opposition, the Defendants offer the below in reply to Plaintiffs' response to the Motion to Dismiss Amended Complaint.

**B.     ATTEMPTED SERVICE OF PROCESS WAS UNTIMELY.**

Plaintiffs, claiming service of process was timely effectuated, argue that they "requested extensions each time to serve the defendants and the court granted each request and by the court date given by the court to serve and file proof of service with the court." ECF No. 34, at 2:10–11. No so, as the only service attempt Plaintiffs made was after the date-certain the Court had ordered by which they were to effectuate service of the summons and complaint. *See* Mot. to Dismiss Am. Compl., ECF No. 20, at 6, 19 (discussing untimeliness); ECF No. 10, at 8 (same). The Court, granting Plaintiffs' second motion for more time to effectuate service of the summons and complaint, *see* ECF No. 6 (second motion), allowed until July 3, 2022, within which to effectuate service. *See* ECF No. 7 (order granting second motion). Because Plaintiffs did not attempt service until July 5, 2022, *after* the deadline had already expired, whatever "service" has occurred is untimely. Moreover, to be sure, Defendants offer other procedural defenses with respect to the service of process Plaintiffs attempted—defenses Plaintiffs ignored. Thus, the Court should dismiss the case under Rule 4(m) for untimely service of process—or at least quash service.

**C.     PLAINTIFFS FAIL TO PROVE THEY SERVED THE SUMMONS.**

Plaintiffs mischaracterize the nature of Defendants' insufficient service of process and lack of service of process defenses, generally asserting that they have in fact served all of the Defendants with copies of the summons and amended complaint. *See* ECF No. 34, at 2–3. Defendants do not take issue with service being left at the front counter at the Union's Hall with a Union officer. Indeed, the Union's officers Torres and Hernandez both readily admit receipt of

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

7

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1    some documentation. *See* Hernandez Decl., ECF No. 10-2, ¶¶ 8–16 & Ex. 1 thereto; Torres Decl.,

2    ECF No. 10-2, ¶¶ 8–19 & Exs. 1–2 thereto (both discussing receiving a copy of the complaint

3    herein without a summons). The defenses asserted involve the contents of the purported affidavit

4    of service, which are facially defective; the total lack of service of the summons on any of the

5    Defendants, which Plaintiffs ignore entirely in their opposition; and whether service of process

6    has otherwise been effectively carried out on both of the originally named Defendants and on the

7    two Defendants who were newly named in the Amended Complaint, such that this Court may

8    properly exercise personal jurisdiction over them.

9            Plaintiffs completely ignore the strong, substantial, and corroborated evidence

10   controverting what is stated in Plaintiffs' Affidavit of Service, with Hernandez and Torres

11   testifying in their declarations that the summons was not delivered at all, as the rules require.

12   Plaintiffs fail to submit additional evidence to carry their burden demonstrating that service of

13   process was carried out in a manner required by the rules. *See* Mot. to Dismiss Am. Compl., ECF

14   No. 20, at 6, 19 (discussing service defects); ECF No. 10 at 8–15 (same). Plaintiffs again claim to

15   have a video constituting further proof of service, *see* ECF No. 34, at 2:12–13, 3:1–15 (claiming

16   Plaintiffs video recorded service attempts, and "I have my copy to show proof of service"), but

17   that video has not been placed into evidence or put before this Court, despite Plaintiffs having had

18   two opportunities to offer up that supposed evidence. While Defendant Local 872 has necessarily

19   conceded that the Union did receive some documents and that the person who received the

20   documents is an officer of the Union, Plaintiffs do not offer any additional evidence to meet their

21   burden to prove service of the summons, given that the fact of service of the summons has been

22   adequately controverted here. All Plaintiffs do is claim without evidence that "Defendants was

23   [sic] served a copy of the complaint and summons together." ECF No. 34, at 3:11. But this just

24   amounts to a denial of Defendants' controversion of the fact of proper service. Plaintiffs offer no

25   additional evidence of or explanation whatsoever for how service is in fact proper as to each

26   named Defendant, given that their Affidavit of Service is demonstrably defective. As such, the

27   Amended Complaint should be dismissed or service quashed for insufficient service of process

28   and lack of proper service as to each of the Defendants.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

8
REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

**D.      PLAINTIFFS FAIL TO PROVE THEY HAVE SERVED ALL DEFENDANTS.**

Plaintiffs have not proven service on Thomas White because attempting service on him by leaving a copy of the Complaint at his place of business is insufficient under the applicable case law, which Defendants cited in their Motion to Dismiss. *See* Mot. to Dismiss Am. Compl., ECF No. 20, at 18–19 (discussing service defects); ECF No. 10, at 15 (discussing lack of service of process and insufficient of process on Defendant White). Because Plaintiffs fail to contend with a fundamental failure of service of process on Thomas White, Defendant White should be dismissed from the action or have service upon him quashed.

Likewise, Defendants fail to explain how the two Defendants who were newly named in the Amended Complaint (Torres and Hernandez) have been served at all with a summons and the Amended Complaint. There is no indication on the Docket that the Plaintiffs requested new summonses after they submitted their Amended Complaint. There is no proof of service of the Amended Complaint on file as to any of the named four Defendants, s*ee* ECF No. 20, at 18–19 (discussing service defects), and it appears Plaintiffs have made no attempts to effectuate required Rule 4 service of the Amended Complaint on any of the Defendants.

Because Plaintiffs have demonstrably failed to prove proper service on any of the Defendants in this action, the Court should dismiss the action for lack of service of process, especially since giving the Plaintiffs an opportunity to cure service defects would not save this lawsuit from dismissal for other reasons explained below, including lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

**E.      PLAINTIFFS DO NOT CONTEND WITH THE AMENDED COMPLAINT'S SUBSTANTIAL PLEADING DEFICIENCIES.**

Rather than seriously contend with their substantial pleading deficiencies in the Amended Complaint, which make it unclear whether the Plaintiffs have adequately demonstrated subject-matter jurisdiction in this Court is proper and whether Plaintiffs' claims, such as they have been pleaded, viably state causes of action, Plaintiffs merely conclusorily respond that the "court has subject matter jurisdiction and as the claims plaintiff state [sic] are governed by the federal government and federal constitution and are within the scope of federal laws and federal statues

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

9

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1   [sic] which gives subject matter jurisdiction to hear this case." ECF No. 34, at 2:16–18. This does

2   not meet Plaintiffs' burden to establish subject-matter jurisdiction in this Court.

3        The Amended Complaint offers three bases—three criminal statutes, a provision of the

4   Americans with Disabilities Act (ADA), and Section 501 of the Labor-Management Reporting

5   and Disclosure Act of 1959 (LMRDA)—for this Court exercising subject-matter jurisdiction over

6   the action. Plaintiffs do not explain how subject-matter jurisdiction is proper under a criminal

7   statute in a civil case brought by private parties. Nor do they explain how the ADA has anything

8   to do with the claims pleaded against the Defendants, as Plaintiffs do not allege anything to do

9   with disability discrimination. And despite spending nine pages in the Motion to Dismiss

10   Amended Complaint demonstrating the substantial pleading defects as to any LMRDA Section

11   501 claim that Plaintiffs attempt to bring, Plaintiffs offer no response at all to those points in their

12   response to the Motion to Dismiss Amended Complaint. The closest they come to offering a

13   substantive response is to state that "Plaintiffs amended complaint shows no confusion it clearly

14   states forth the claims and statues [sic] that the defendants have committed and continue to

15   commit," ECF No. 34, at 3:3–4, and that "Plaintiff will be able to show and prove to a jury that

16   the defendants we believe have committe [sic] the acts contained in the lawsuit," *id.* at 3:20–21.

17   Setting aside whatever "evidence" Plaintiffs may or may not have, as reference to materials

18   outside the pleadings is not appropriate at the motion to dismiss stage, Plaintiffs cannot proceed

19   past the pleading stage because they have failed to meet their burden to prove subject-matter

20   jurisdiction and to plead viable claims for relief.

21        Because Plaintiffs offer no cogent argument with citation to appropriate authority on their

22   pleading defects as to jurisdiction and claims, the Court should grant the Motion to Dismiss

23   Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim.

24   **F.**   **THE COURT SHOULD DENY LEAVE TO AMEND AS FUTILE.**

25        Finally, because the Defendants have failed to grapple for a second time with the

26   substantial pleading defects exhaustively pointed out in two motions to dismiss, the Court should

27   decline to grant leave to file a second amended complaint. Leave to amend usually should be

28   freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). *But see In re Western States*

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

10

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1  *Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (while leave to amend

2  "shall be freely given when justice so requires," it "is not to be granted automatically").

3  Normally, the Court must give a *pro se* litigant with some notice of pleading deficiencies before

4  denying leave to amend, except where it is absolutely clear that the pleading deficiencies cannot

5  be cured by amendment. *Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (citing *Noll v.*

6  *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

7           A district court's discretion in denying leave to amend is "'particularly broad' where the

8  plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.

9  2013) (plaintiff had "ample opportunity to properly plead a case"). The fact that the pleader failed

10  to take advantage of previous opportunities to amend, without explanation, may be grounds for

11  denying leave to amend. *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 368 (3rd Cir. 2013)

12  ("This court has declined to reward a wait-and-see approach to pleading").

13           Leave to amend may be denied if the proposed amendment is futile or would be subject to

14  dismissal. *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *FDIC v.*

15  *Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (amendment futile if statute of limitations has run);

16  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although

17  leave to amend should be given freely, a district court may dismiss without leave where a

18  plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment

19  would be futile."). Under this analysis the court determines if the complaint's "deficiencies can be

20  cured with additional allegations that are 'consistent with the challenged pleading' and that do not

21  contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655

22  F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir.

23  1990)); *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595,

24  600 (9th Cir. 2014); *see Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 616

25  F.3d 963, 972 (9th Cir. 2010) (proposed amendment is futile if clear that complaint could not be

26  saved by any amendment).

27           Here, Plaintiffs' proposed amendments would be futile, and Plaintiffs have already had

28  one opportunity to amend their complaint, with the benefit of the first motion to dismiss. No new

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

11

REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

facts can save claims brought under the Criminal Code because Plaintiffs have no standing to enforce criminal law. The same is true for claims under the ADA, as they have not pleaded any facts in the two complaints to even hint this case is about disability discrimination. Even claims that may be closer to a proper mark, under 29 U.S.C. § 501, cannot be amended to make them viable. Plaintiffs have not met the statutory prerequisites for filing suit under 29 U.S.C. § 501(b) as of the date this action was commenced. Even if they could properly allege they met the statutory prerequisites under Section 501(b), they nevertheless are not proper parties to bring claims under Section 501 because they are, by their own admission, not members in good standing of the Union. It is absolutely clear that no amendment can cure the defects. Any amendment would contradict earlier pleadings, and thus render amendment futile under *Corinthian Colleges*, 655 F.3d at 995. The Court should dismiss the case without leave to amend.

## IV.   <u>CONCLUSION</u>

If Plaintiffs' accompanying proposed amended complaint at ECF No. 14-1 is construed as the operative amended complaint, the Motion to Dismiss at ECF No. 10 is rendered moot. If the Court instead orders Plaintiffs to file the proposed amended complaint as an amended complaint, the Motion to Dismiss is not (yet) moot, making this Reply Brief timely and proper. Because the Plaintiffs did not substantively address the weighty and substantial defenses Defendants have asserted in the Motion to Dismiss Amended Complaint, the Court should grant the Motion for lack of subject-matter jurisdiction, untimely service of process as to all Defendants, insufficient service of process as to all Defendants, lack of service of process as to Defendants White, Hernandez, and Torres, and for failure to state a claim.

Dated: October 10, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:   */s/ Sean W. McDonald*
KRISTINA L. HILLMAN
SEAN W. McDONALD

Attorneys for Defendants Laborers' International Union of North America, Local 872, Thomas White, Marco Hernandez, and Chelsy Torres

152890\1308495

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

12
REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

[none]

And I hereby certify that I have mailed by the United States Postal Service, postage prepaid, the document to the following non-CM/ECF participants:

Parnell Colvin
6681 Tara Ave
Las Vegas, NV  89120

Richard Vela
867 N Lamb Blvd Space 82
Las Vegas, NV  89110

And I hereby certify that I have emailed the document to the following non-CM/ECF participants per consent to serve by electronic means noted below:

Parnell Colvin – pc681@yahoo.com
(*Per Consent for Electronic Service of Documents, ECF No. 31*)

Dated: October 10, 2022                    */s/ Sean W. McDonald*
                                            An Employee of Weinberg, Roger & Rosenfeld

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

13
REPLY TO RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:21-cv-02109-RFB-NJK