UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARNELL COLVIN et al., | Case No. 2:21-cv-02109-RFB-NJK |
| Plaintiffs, | ORDER |
| v. | |
| TOMMY WHITE et al., | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court are four motions: Defendants Tommy White and International Union of North America ("Defendants")' Motion to Dismiss (ECF No. 10); Defendants' Motion to Strike (ECF No. 11); Plaintiffs Parnell Colvin and Richard Vella ("Plaintiffs")' Motion to Amend the Complaint (ECF No. 14); and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 20).

For the reasons stated below, the Court grants Plaintiffs' Motion to file an Amended Complaint (ECF No. 14) and grants Defendants' Motion to Dismiss the Amended Complaint. The Court denies all other motions as moot. The Court finally grants Plaintiffs leave to file a Second Amended Complaint consistent with this order but preliminarily refers the case to the Pro Bono Program (PBP).  The case is therefore stayed for ninety days pending assignment of counsel.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this case by filing their Complaint on November 29, 2021.  ECF No. 1.  In it, Plaintiffs allege that they are former members of Defendant International Laborers of North America, Local 872, and that Defendant Tommy White is the Business Manager / Secretary

and Treasurer of the Local. Id. Plaintiffs filed a complaint with the National Labor Relations Board ("NLRB"). Id. Plaintiffs alleged that they seek damages for wrongful termination of their union membership, loss of employment opportunities, benefits, and access to their pension and retirement savings. Id. They alleged that while the NLRB complaint was pending, Defendants commenced suit against them in prematurely, in Las Vegas Justice Court. Id. Plaintiffs argued that Defendants commenced the state court suit against them in retaliation for filing a complaint with the NLRB. Id.

On March 3, 2022, the Court issued a notice to Plaintiffs that because they had failed to file proof of service, the Complaint would be dismissed pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 3. On March 30, 2022, Plaintiffs filed a Motion to extend the service deadline. ECF No. 4. The Court granted the Motion and extended the service deadline to May 31, 2022. ECF No. 5. On May 31, 2022, Plaintiffs filed a Motion to proceed in forma pauperis and requesting an extension of time to effectuate service. ECF No. 5. On June 1, 2023, the Court granted Plaintiffs' Motion and extended the service deadline to July 3, 2022. ECF No. 7. On July 8, 2022, the Court issued a second automatic notice to Plaintiffs that the case would be dismissed, this time by August 7, 2022, if no proof of service was filed. ECF No. 9. On July 26, 2022, Defendants appeared in the action and filed a Motion to Dismiss by counsel. ECF No. 10. Also on July 26, 2022, Defendants filed a Motion to Strike. ECF No. 11.

On August 9, 2022, Plaintiffs filed a Motion to Amend the Complaint. ECF No. 14. Attached to the Motion was a proposed Amended Complaint. ECF No. 14-1. In it, Plaintiffs brought claims pursuant to: 29 U.S.C. § 501; 42 U.S.C. § 12203, 18 U.S.C.§ 665.

Plaintiffs additionally alleged as follows: Plaintiffs are long term members of International Laborers of America, with Plaintiff Colvin joining the Defendant Local when he moved to Las Vegas from out of state. Id. Plaintiffs noted a pattern of union officers abusing their powers and privileges. In the 2018 elections, they ran against Defendant White and "his cron[]ies" and they were disqualified from running by Defendant White. Id. Since that election, Plaintiffs have faced retaliation from Defendant White. Id. They have been taunted by the Union's attorney in their dealing with him throughout the process of filing charges with the NLRB. Id. Plaintiff Colvin's

union dues were paid on time, online, but were eventually rejected by Defendant White, causing Colvin to be in default and resulted in his suspension. Defendant White eventually terminated Colvin's membership. Id. Plaintiff Vella was similarly treated. When he went to pay his dues, White told the staff to not accept his payments, which also put Plaintiff Vella in suspension status, leading to the termination of *his* union membership. Id.

Plaintiffs allege that this treatment is in direct response to Plaintiffs challenging and questioning Defendant White. Id. Plaintiffs believe that White and other officials have used member funds for personal use and creating high salaries for themselves. Defendant White and Defendant Chelsy Torres were in a car accident and requested money from the Defendant Local, which they received, to cover their expenses from that accident. Id. Furthermore, Plaintiff Vella was assaulted at a union meeting and Defendant officers did nothing. Finally, Defendant White likes to "brag about being in the mob and [carries] a gun to intimidate members . . ." to prevent union members from voicing their concerns. Id.

On August 9, 2022, Plaintiffs responded to the Motion to Dismiss and separately filed Exhibits to their response. ECF Nos. 15, 16. On August 16, 2022, Defendants replied in support of their Motion to Dismiss, moved to seal the exhibits filed in support of Plaintiffs' response to Defendants' second Motion to Dismiss, and moved to strike the exhibits entirely. ECF Nos. 17, 18, 19. On August 23, 2022, Defendants filed a Motion to Dismiss Plaintiffs' Motion to Amend their Complaint (ECF No. 14). ECF No. 20. On August 23, 2022 Defendants also moved to stay discovery pending a ruling on the dispositive motions. ECF No. 21. On August 24, 2022, the Court automatically informed the parties that opposition to Defendants' Motion to Dismiss was due within 14 days and that a reply would be due seven days thereafter. ECF No. 22. On September 7, 2022, Plaintiffs filed a Motion to request more time to respond to the Court's minute order. ECF No. 23. On September 8, 2022, Defendants filed a proposed Discovery Plan and Scheduling Order and their Response to Plaintiffs' Motion to request more time to respond to the Court's minute order (ECF No. 23). ECF Nos. 24, 25.

On September 19, 2022, the Court granted Defendants' Motion to Seal (ECF No. 18) and denied Defendants' Motion to Strike (ECF No. 19).

On October 4, 2022, Plaintiffs filed a Response to Defendants' Motion to Dismiss the Amended Complaint. ECF No. 34. On October 5, 2022, Defendants' filed a Response to Plaintiffs' Motion for Reconsideration. ECF No. 35. On October 10, 2022, Defendants filed a Reply in support of their Motion to Dismiss the Amended Complaint. ECF No. 36. On October 17, 2022, the Court granted Defendants' Motion to Stay Discovery (ECF No. 21) and denied Defendants' proposed Discovery Plan and Scheduling Order as moot. ECF No. 37. On October 18, 2022, Plaintiffs' filed a motion for an extension of time, *ex post*, to file a Response to the Second Motion to Dismiss, citing medical injuries and surgeries that lead to filing delays. ECF No. 38. On October 18, 2022, the Court denied Plaintiffs'' Motion for Reconsideration. ECF No. 40. On October 20, 2022, Defendants responded to Plaintiffs' Motion (ex post) request additional time. ECF No. 41.

On March 3, 2023 the Court issued a minute order granting Plaintiff's request for additional time to respond to Defendant's Motion to Dismiss the Amended Complaint *nunc pro tunc* and dismissing Plaintiff's request for more time to respond to the Court's minute order setting the briefing schedule as duplicative. ECF No. 42. The Court took all other pending motions under submission. Id.

This Order follows.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.

1  v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains
2  "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"
3  meaning that the court can reasonably infer "that the defendant is liable for the misconduct
4  alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on
5  the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive
6  dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences
7  from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.
8  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

9  "A district court shall grant leave to amend freely 'when justice so requires.' . . . this policy
10 is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708,
11 712 (9th Cir. 2001) (internal citations omitted); accord Fed. R. Civ. P. 15(a)(2). A district court
12 may consider "undue delay, bad faith, futility of amendment, and prejudice to the opposing party."
13 Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); accord Chudacoff v. Univ. Med.
14 Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011). "While all these factors are relevant, the
15 crucial factor is the resulting prejudice to the opposing party." Howey, 481 F.2d at 1190; accord
16 Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the
17 'touchstone of the inquiry under rule 15(a).'" (citations omitted)).

### IV.    DISCUSSION

The Court first grants Plaintiff's Motion for Leave to file an Amended Complaint. Plaintiffs are proceeding pro se, and, in their amended complaint, allege more facts than were alleged in the original complaint, all of which point to inappropriate conduct by the named Defendants and the Defendant Local's failure to curtail or properly regulate this behavior. The Court finds that there is a sufficient basis within the record to grant Plaintiff's motion.

The Court finds, nevertheless, that the Amended Complaint must be dismissed for three reasons. First, the Court must dismiss claims brought pursuant to "18 U.S.C. 665" (federal embezzlement for theft from employment and training funds) as this is a criminal statute with no private right of action. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American

Jurisprudence ... a private citizen lacks a judicially [recognized] interest in the prosecution or nonprosecution of another."); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Second, the Court must dismiss Plaintiffs claims under the Americans with Disabilities Act ("ADA") because Plaintiffs did not plead any disability in the Amended Complaint. The anti-retaliation provision of the ADA states as follows: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). ADA retaliation claims are adjudicated under the same framework as Title VII retaliation claims, 42 U.S.C. § 2000e-3. See Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1121 (9th Cir. 2000) vacated on other grounds by US Airways, Inc. v. Barnett, 535 U.S. 391 (2002). To successfully allege a such a retaliation claim, Plaintiffs must show that (1) either one or both Plaintiffs engaged in an activity protected by the ADA, (2) they were subject to an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. Brown v. City of Tucson, 336 F.3d 1181, 1186-87 (9th Cir. 2003). While Plaintiffs do allege that Plaintiff Vella was abused at a Union meeting, Plaintiffs do not allege, for example, that it was due to a disability or some other protected characteristic.

Plaintiffs may be trying to bring retaliation claims normally brought pursuant to two subsections of the Labor Management Reporting and Disclosure Act ("LMRDA"). Section 609 prohibits labor organizations or their agents from suspending, expelling, or otherwise disciplining any of its members for exercising any right to which they are entitled under the LMRDA. 29 U.S.C. § 529. Section 101 of the LMDRA enshrines union members' right to free speech and Section 102 of the LMDRA entitles union members to bring civil suit in federal court for injunctive and or other relief. 29 U.S.C. §§ 411-12; see generally USW Local 12-369 v. USW Int'l, 728 F.3d 1107, 1115-116 (9th Cir. 2013) (comparing claims brought pursuant to Section 609 to those brought pursuant to Section 102). However, Plaintiffs' grounds for federal question jurisdiction make no mention of this statute.

Third, Plaintiffs have not adequately pled claims pursuant to 29 U.S.C. § 501, a federal statute defining when union officers breach their fiduciary duties and what actions union members may take when the union fails to discipline officers who violate their fiduciary duties. As the Ninth Circuit has clarified, the jurisdictional scope of this statute is narrowly construed to only those occasions where (1) an officer has breached its fiduciary duties and (2) the union has failed to or refuses to sue. Building Material and Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500, 506-07 (9th Cir. 1989). Here, while the Plaintiffs allege that various forms of funds were embezzled by White and his cronies, Plaintiffs fail to allege facts showing what action the Union refused to take, what grievances, if any, were filed, etc.

The Court finds that Plaintiffs should be given leave to amend their complaint one last time, given the severity of the allegations alleged, and the fact that Plaintiffs did not bring any claims pursuant to the LMDRA, though that may have been their intention. However, the Court notes the extreme difficulty that Plaintiffs face in navigating a complex area of the law without counsel, in the face of serious allegations of union misconduct that allegedly resulted in Plaintiffs' losing union membership and associated benefits. The Court therefore refers this case to the Pro Bono Program and stays the matter for 90 days pending assignment of counsel. Plaintiffs should note that the Court cannot guarantee that counsel will be provided, but referral to the Pro Bono Program is the means by which pro se representatives in civil cases may find counsel with the Court's help. The Court further orders that a status conference be set for June 15, 2023 to determine an appropriate deadline by which Plaintiffs must file a Second Amended Complaint.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (ECF No. 14) is GRANTED. The Clerk of Court is ordered to FILE Plaintiffs' First Amended Complaint (ECF No. 14-1) to the docket; it is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (ECF No. 20) is GRANTED without prejudice. Plaintiffs will have a final chance to amend their complaint.

**IT IS FURTHER ORDERED** that this matter is referred to the Pro Bono Program for placement of counsel.  This matter is STAYED for 90 days pending appointment of counsel.

**IT IS FURTHER ORDERED** that the parties shall appear by videoconference for a status conference on June 15, 2023. at 1:00 pm.   The Court will provide further instruction prior to that date.

DATED: March 23, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**