Sheri M. Thome, Esq.
Nevada Bar No. 008657
Steve Shevorski, Esq.
Nevada Bar No. 008256
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Steve.Shevorski@wilsonelser.com
*Attorneys for Plaintiffs,*
*Parnell Colvin and Richard Vela*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN, RICHARD VELA, | Case No. 2:21-cv-02109-RFB-NJK |
| Plaintiffs, | |
| v. | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| TOMMY WHITE AKA THOMAS WHITE, INTERNATIONAL UNION OF NORTH AMERICA LOCAL 872 LABORERS, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | |

Plaintiffs, Parnell Colvin and Richard Vela, and Defendants Laborers' International Union of North America, Local 872, and Thomas White, by and through their undersigned counsel of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f).

Please note that the deadlines are different than those described in Local Rule 26-1(b). Defendants first appeared via their motion to dismiss the original complaint on July 26, 2022. But, due to motion practice concerning Plaintiffs' initial and first amended complaint, and a stay of discovery (ECF No. 37), no prior scheduling order has been issued. The Court has now ordered the parties to file a discovery plan by November 7, 2022. *See* ECF No. 62. Accordingly, the parties request Special Scheduling Review.

/ / /

/ / /

288909495v.2

**(1)     Fed. R. Civ. P. 26(a) Initial Disclosures:**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Court 26-1(a), the parties agree that they will submit their Initial Disclosures on or before **January 4, 2024**, which is 30 days after Plaintiffs' Second Amended Complaint is due. *Id*.

**(2)     Discovery Cut-Off Date.**

In accordance with Local Rule 26-1, the parties agree that an extension of time would be necessary to conduct sufficient discovery. The parties propose 180 days of discovery measured from December 4, 2023, the date Plaintiffs' Second Amended Complaint is due, which will mean that the close of discovery will occur on Monday, **June 3, 2024**.

The reasons for this extension of time are as follows. First, Plaintiffs recently retained *pro bono* counsel. As such, this plan and discovery in this matter has been delayed. Second, the additional time is necessary to gather all relevant materials, which the parties have begun doing, but will need more time, especially since only now are Initial Disclosures being exchanged. Third, Plaintiffs' Second Amended Complaint is due on December 4, 2023, which is just shy of a month after the discovery plan is due to be filed. Plaintiffs' Second Amended Complaint will necessarily impact the breadth and scope of the parties' discovery efforts. Fourth, the parties are cognizant that the initial months of the discovery period will be impacted by several holiday periods in November and December 2023, and therefore, additional time is requested.

**(3)     Amending the Pleadings and Adding Parties.**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, thus, not later than Tuesday, **March 5, 2024**.

**(4)     Fed. R. Civ. P. 26(a)(2) Disclosures (Experts);**

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than Thursday, **April 4, 2024** and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than Friday, **May 3, 2024**.

**(5)     Dispositive Motions.**

The parties shall file dispositive motions not more than thirty (30) days after the discovery

288909495v.2

cut-off date and, therefore, not later than Wednesday, **July 3, 2024**.

**(6)  Pretrial Order.**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than Friday, **August 2, 2024**. If dispositive motions are filed, the deadline for filing the Joint Pretrial Order will be suspended until thirty (30) days after decision on the dispositive motions or further court order.

**(7)  Fed. R. Civ. P. 26(a)(3) Disclosures**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall include the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto in the Joint Pretrial Order.

**(8)  Alternative Dispute Resolution:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.

**(9)  Alternative Forms of Case Disposition.**

The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01);

**(10)  Electronic Evidence.**

In cases in which a jury trial has been demanded, the parties must certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The plan must state any stipulations the parties reached regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system. Parties should consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system; and

-3-

288909495v.2

**(11) Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a):**

None at this time.

**(12) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

As this case may involve claims of unlawful discrimination under the ADA, retaliation under the ADA, as well as wrongful termination, the parties anticipate discovery will focus on the employment of the Plaintiffs, Defendant's employment policies and procedures in place while Plaintiff was employed, the facts and circumstances surrounding the Plaintiffs' termination, topics relevant to Plaintiffs' employment, and Defendant's defenses. The parties do not believe discovery should be conducted in phases and/or limited to particular issues. Plaintiffs' second amended complaint's allegations will further sharpen the focus of the topics of discovery.

**(13) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties agree that to the extent that information relevant to the claims and defenses in this action is stored electronically, such electronic information will be preserved and should be produced in the form in which it is maintained.

**(14) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

Currently, the parties do not anticipate any issues arising concerning privilege or protection and agree to confer further in the event such issues arise.

**(15) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties do not currently believe any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this court at this time.

**(16) Extensions or Modifications of Discovery Plan and Scheduling Order:**

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause

-4-

LR 26-3

1  for the extension. In accordance with ~~LR 26-4~~, all motions or stipulations to extend a deadline set

2  forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before

3  the expiration of the subject deadline. A request made after the expiration of the subject deadline

4  shall not be granted unless the movant demonstrates that the failure to act was the result of excusable

5  neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

6      a.    A statement specifying the discovery completed;

7      b.    A specific description of the discovery that remains to be completed;

8      c.    The reasons why the deadline was not satisfied or the remaining discovery was not

9  completed within the time limits set by the discovery plan; and

10      d.    A proposed schedule for completing all remaining discovery.

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

288909495v.2

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." See LR 7-1(b).

| | |
|---|---|
| DATED this 7th day of November, 2023. | DATED this 7th day of November, 2023. |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP | WEINBERG, ROGER & ROSENFELD |
| By: */s/ Steve Shevorski*<br>Sheri M. Thome, Esq.<br>Nevada Bar No. 008657<br>Steve Shevorski, Esq.<br>Nevada Bar No. 008256<br>6689 Las Vegas Blvd. South, Suite 200<br>Las Vegas, Nevada 89119<br>Telephone: 702-727-1400<br>Facsimile: 702-727-1401<br>sheri.thome@wilsonelser.com<br>steve.shevorski@wilsonelser.com<br>*Attorneys for Plaintiffs,*<br>*Parnell Colvin and Richard Vela* | By: */s/ Sean W. McDonald*<br>Kristina L. Hillman, Esq.<br>Nevada Bar No. 7752<br>Sean W. McDonald, Esq.<br>Nevada Bar No. 12817<br>3199 E. Warm Springs Road Suite 400<br>Las Vegas, Nevada 89120<br>Telephone (702) 508-9282<br>Fax (510) 337-1023<br>khillman@unioncounsel.net<br>smcdonald@unioncounsel.net<br>courtnotices@unioncounsel.net<br>*Attorneys for Defendants*<br>*Laborers' International Union of North America, Local 872, and Thomas White* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 8, 2023